COUNTY OF ST. LOUIS vs. SPARKS.

An appeal will not lie from a settlement made by the County Court, of the accounts of a collector who fails to settle.

ERROR to St. Louis Circuit Court.

GAMBLE & BATES *for Plaintiff in error, insist:*

1. While the matter remained in the County Court, it was not a suit or action between parties. It was a proceeding required by statute, as the official duty of the County Court to settle the accounts of a public officer, and in a certain event to enter judgment against him. R. C. 1835, p. 151, tit. County Treasuries, art. 2; see 9 Mo. R., 118, Tetherow vs. County of Grundy.

2. The officer though he might feel ever so much aggrieved by the judgment of the County Court, could not remove the cause to a higher court *by appeal. The appeal* is in no case a matter of right, as the writ of error is by statute. And the superintending control which the Circuit Court has by the constitution, can only be exercised by the legal and accustomed writs—such as writs of error—certiorari—mandamus—procedendo—prohibition. Appeal from the County Court is given in enumerated cases only; and is not given by any statute, either to the party as a remedy, or to the court as a means of jurisdiction in such case as this. And so this case never was lawfully in the Circuit Court.

In administration matters, appeal is given in specified cases only. R. C. 1835, p. 63.

3. Supposing the jurisdiction of the Circuit Court, still it was error to reverse the judgment of the County Court.

There was no bill of exceptions to preserve the facts and motions in the County Court. There was nothing lawfully before the court but the naked judgment of the County Court.

4. Supposing the judgment of the County Court rightly reversed, still the Circuit Court had no power to try the cause, but ought to have remanded it. There were no facts before the court, and no issue of fact to try. The settlement of the collector's account, and the ascertainment of the balance against him, is not the thing appealed from. The records of the County Court—the tax books—the former settlements with the same officer—the accounts and vouchers, were not before the Circuit Court nor in its reach.

The County Court is the peculiar statutory agent to settle the accounts of collectors. And the Circuit Court has no power to audit and settle such accounts. It is not such case as the Circuit Court, with or without a jury, is competent to try. 3 Mo. R., 103, Boone county vs. Todd.

5. But even if the Circuit Court had gotten possession of the case, so as to be invested with all the powers of the County Court, still it was great error in the Circuit Court to decide that the county as a litigating plaintiff, must proceed with the trial of the cause, or take a non-suit—because in the settlement of the account there is not and cannot be a plaintiff. The settlement is but the discharge of a statutory duty of the County Court in regard to every collector. And the Circuit Court having reversed the judgment of the County Court, and proceeded to do what the County Court ought to have done, must adopt the prescribed means, and follow the prescribed course.

That is, "the court shall adjust the accounts of such delinquent, according to the best information they can obtain, and ascertain the balance due to the county." R. C. of 1835, p. 151, sec. 2. And by sec. 5, "unless the delinquent appear on the first day of the next succeeding term, and shew good cause for setting aside the settlement, *the court shall enter up judgment for the amount due,* with 30 per cent. per annum until paid, and issue execution therefor."

Leslie & Lord, *for Defendant in error, insist:*

1. An appeal lies from the judgment and order in this case. See R. Laws 1835, 4 subdivision of sec. 8, 155.

An appeal is given by the section referred to, unless expressly prohibited by law; there being no law prohibiting an appeal in this case, the appeal was properly taken. It probably was never intended by the legislature that the action of the County Court should be final, and certainly no such intention can be implied. County of Boone vs. Carlew, 3 Mo. R., 10 & 11.

2. The appeal being properly taken, all the incidents of an appeal flow from it, and amongst others, that of a trial *de novo.*

The common law knew nothing of appeals; they were introduced by the statute, 7 William, 3, chap. 8, and by other statutes passed immediately after; the right to offer new evidence was given and appeals were then upon the footing upon which they now stand. The very word appeal suggests a new trial, and new evidence in the appellate court; from the time the word appeal was introduced in civil cases into the common law, a new trial upon the merits has been used in disposing of the case appealed. We have by statutory provision in this State, what is called an appeal. This is a creature of, and regulated by statute, and though called an appeal to distinguish it from a writ of error, is only so far an appeal as to take the case from the inferior to the appellate court, and to stay execution without the expense and trouble of an application to the appellate tribunal for an order to stay proceedings, but it is no farther an appeal than this; all subsequent proceedings are precisely like those on writs of error, and this statutory appeal is confined to taking cases from the Circuit to the Supreme Court, and from County Courts in certain cases sitting as a Court of Probate to the Circuit Court.

The Supreme Court of this State, we think, has settled this question in the case of the County of Boone vs. Carlew, 3 Mo. R., 12; see R. C. of 1835, p. 151.

Scott, J., *delivered the opinion of the Court.*

This was a proceeding under the second and following sections of the second article of the act concerning County Treasuries; Rev. Code 1835, page 151, begun by the County Court of St. Louis county against John Sparks, the collector of said county, who failed to settle his accounts with the County Court according to law. The time during which Sparks was in the receipt of revenue for which it was alleged, that he

failed to account, was from the 16th March, 1844, to the 20th April of the same year. The County Court adopted as the basis of the settlement, the sum received for the corresponding period of the previous year.— After the court had made a settlement, Sparks appeared at a subsequent term and protested against its proceedings: because the court had no jurisdiction of his person; because it had no jurisdiction of the subject matter; because the court had taken forcible possession of the books and papers belonging to said Sparks, and therefore he could not account; because judgment was not entered up on the best information the court could obtain; because the settlement was made on grounds wholly imaginary and the sum charged was not due. This protest was disregarded and a judgment by default was entered against Sparks for the the sum found due on the settlement with thirty per cent. interest per annum, until paid. After an unsuccessful motion to set aside this judgment on the ground that it was improperly entered as by default, when there was an appearance, an appeal was taken to the Circuit Court, where the judgment of the County Court was reversed; and the County Court submitting to a non-suit, has brought the case here.

It is made the duty of the County Court, to settle the accounts of a delinquent collector on the best information they can obtain. If a settlement is made on such information, and on an appeal to the Circuit Court the judgment is reversed, how can that court proceed to adjust the account? Would it know any thing of the financial condition of the county, its probable revenue, or any thing about it? This matter is entrusted to the County Courts, and because of their knowledge of these things, they are thought peculiarly fit for it. When an account is stated with a delinquent collector, the presumption is, that the account is correct, and it devolves upon him to show it incorrect. The county judges are not required to go into the Circuit Court to give it the information they possessed in making the settlement. Being sworn officers entrusted with the performance of this duty, because of their peculiar fitness for it, their action is presumed to be correct until the contrary is shown. There is no hardship in this on the collector. If he is wilfully in default and will not settle, there must be some power to make the settlement in the mode it can best be effected. If he is not wilfully delinquent, he has an opportunity to appear at the next term of the court, when he may show cause for his failure and have his account re-adjusted. The section of the statute which is relied on to sustain this appeal from the County to the Circuit Court, confers appellate jurisdiction only. Such jurisdiction does not impart a right to try the cause anew, or on any other evidence than

that which was before the court below.   Otherwise, the jurisdiction would not be appellate, but original.  1 Brown's Parl. cases, Eden vs. Bute, 456.   If then the Circuit Court had appellate jurisdiction only, and if the settlement of the account by the County Court is to be presumed correct, and the burden of proof is thrown on the party objecting to it, there was nothing in the record which justified the Circuit Court in reversing the judgment of the court below.   A protest is a novel step in judicial proceedings, and there is nothing in that in this case which makes it evidence or which shows error in the proceedings of the County Court.   The evidence impeaching the settlement should have gone to the Circuit Court with the appeal, and the appeal should have been heard on that evidence.   The course of proceeding adopted in this cause was analogous to that on an appeal from the County to the Circuit Court in matters of administration.   I know of no authority for such a course.— The section of the statute on which this appeal was based, is entirely silent as to the mode in which the evidence is to be preserved in the inferior court, so as to be taken to the appellate court, or in what manner the appellate court shall proceed.   If the jurisdiction is only appellate, it is clear the cause can only be tried on the evidence produced in the inferior court.   In the case of the County of Boone vs. Carlew, 3 Mo. R., 10, the facts were agreed and there was difficulty in deciding the law arising upon them.   But it is impossible to read that case and not to say that on general principles it was one proper for a mandamus.   Whether in view of the difficulties suggested, it is not better to resort in all such cases to that superintending control possessed by the Circuit Courts over inferior tribunals, will not now be determined.

In my opinion the proceeding of the Circuit Court was erroneous and should be reversed; the other Judges concurring.