J. S. HALL *et al.*, Respondents, v. W. H. DeArmond *et al.*, Appellants.

**Kansas City Court of Appeals, November 9, 1891.**

Cities, Towns and Villages : COUNTY COURT : APPEAL. No appeal lies from the action of the county court incorporating a town under section 977, Revised Statutes, 1889.

*Appeal from the Platte Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Roney & Chinn* and *N. B. Anderson*, for appellants.

(1) The circuit court had jurisdiction on appeal to try this case. R. S. 1889, secs. 3434, 3318. There is no express prohibition of appeal by law in cases of this kind. (2) The judgment of the county court incorporating the city of Edgerton was not a legislative but a judicial act. 1 Dillon, Mun. Corp. [4 Ed. 1890] 265, foot note 3, page 72, foot note ( Missouri ) ; *Kayser v. Trustees of Bremen*, 16 Mo. 91 ; *State ex rel. v. Wilcox*, 45 Mo. 463 ; *Lamment v. Lidwell*, 62 Mo. 191 ; Const.

Mo. 1875, art. 3 ; Const. Mo. 1875, secs. 29, 30, art. 2 ;. R. S. 1889, sec. 1993 ; *Overbeck v. Galloway*, 10 Mo. 364 ;. *Bernard v. Callaway*, 28 Mo. 37.

*Connelly Harrington* and *Jas. W. Coburn*, for respondents.

(1) The circuit court has no jurisdiction on appeal to try this case. R. S. 1891, sec. 3318 ; R. S. 1879, sec. 1102 ; R. S. 1891, secs. 3434; R. S. 1879, sec. 1210 ; *Aldridge v. Spears*, 40 Mo. App. 530 ; *Railroad v. City of St. Louis*, 92 Mo. 165 ; *Sheridan v. Fleming*, 93 Mo. 325. (2) No appeal lies from an order of the county court ministerial in its character. *Railroad v. City of St. Louis*, 92 Mo. 165; *St. Louis v. Sparks*, 11 Mo. 202 ;. *Tetherow v. County Court*, 9 Mo. 117 ; *Snoddy v. Pettis Co.*, 45 Mo. 362. (3) The act of incorporation of a town is not a judicial act, or in the nature of a judicial act, but is legislative or administrative. *Woods v. Henry*, 55 Mo. 562, 563.

ELLISON, J.—This is a proceeding begun in the county court of Platte county under section 977, Revised Statutes, 1889, to incorporate the town of Edgerton. The petition was granted, and an order entered incorporating the town as prayed. Certain parties interested in the lands included within the limits of the town remonstrated with the county court, and on the petition being allowed they appealed to the circuit court of Platte county. The latter court dismissed the appeal for want of jurisdiction, and the sole question here is, is there an appeal from the order of the county court incorporating a town under the section aforesaid? We think there is no appeal from the county court in such case. The act of the county court in such a case is not a judgment or order in the sense of the statute allowing appeals. Authorities on a kindred question are examined at length in *Aldridge v. Spears*,

40 Mo. App. 527 ; s. c., 101 Mo. 400.  The matter presented by a petition for incorporation is not judicial. It is more, in its nature, administrative or ministerial. When a petition containing the requisite number of petitioners is duly presented, the incorporation is granted as of course.  There seems to be no discretion in the county court.

Arguments have been advanced against the constitutionality of laws permitting courts to incorporate towns based on the idea that it was a delegation of political power.  It was in answer to such an argument that the supreme court in case of *Kayser v. Trustees*, 16 Mo. 91, stated that the powers granted to the county court were not political but judicial.  That court, however, also stated that the county court had no discretion in the matter.  The court doubtless did not mean to say that the powers were judicial in the ordinary sense, but judicial rather than political.  So in case of *Wood v. Henry*, 55 Mo. 560, such action of the county court is held not to be judicial, but administrative or ministerial.

The judgment of the circuit court is affirmed.  All concur.