In re CITY OF UNIONDALE; CATHERINE COYNE et al., Appellants.

Division One, December 2, 1920.

1. **INCORPORATION OF CITY:** Right of Appeal. Petitioners for the incorporation of a city have a right to an appeal from a judgment of the county court denying incorporation; but citizens and taxpayers who do not sign such petition have no right to an appeal from a judgment incorporating the city, for under the statute they have no right to file a remonstrance and are not adversary parties.

2. ———: Petition and Remonstrance. Under the statute (Sec. 8529, R. S. 1909), a petition for the incorporation of a city is not required to be on file with the county court for any length of time, no notice is required, no provision is made for taxable inhabitants who do not sign the petition to appear and contest it, it may be considered immediately upon presentation, and if the court is satisfied that it is signed by a majority of the inhabitants of the described territory it may make its order of incorporation without any further ado. The proceeding is not an action, there are no adversary parties, but the statute that creates the right pro-

vides the remedy, prescribes the procedure, and determines who may be parties.

3. ———: ———: Right to Hearing. The giving or withholding of a right to a hearing by taxpayers who are opposed to incorporating given territory into a city is a matter that rests wholly within the discretion of the Legislature, which has the power to incorporate territory into a city with or without the consent of its inhabitants, provided it is done by a general law, and to create agencies through which the legislative power is to be exercised, and that it has done by enacting Section 8529, Revised Statutes 1909; and it is not essential to the validity of such a proceeding that all taxpayers who may be affected thereby have their day in court, although the county court in passing upon the petition is performing a judicial function and its pronouncement thereon is a judgment.

Appeal from St. Louis Circuit Court.—*Hon. John W. McElhinney*, Judge.

AFFIRMED.

*Randolph Laughlin* for appellants.

(1) By Section 36, Article VI, Constitution of Missouri, the county court is clothed with (a) judicial power, and (b) administrative discretion. In so far as the exercise of judicial power is concerned, the circuit court has appellate jurisdiction from the judgments and orders of the county court. "in all cases not expressly prohibited by law." R. S. 1909, secs. 3956, 4091. In so far as the exercise of administrative discretion is concerned, the circuit court has no appellate jurisdiction. St. Louis v. St. Louis, 92 Mo. 165; Scott County v. Leftwich, 145 Mo. 26. It follows, therefore, that it was the duty of the circuit court to examine the record and to determine whether any part of the proceedings complained of in the county court involved the exercise of judicial power. If such power was exercised, then, and to that extent, the case was before the circuit court for review, and the plea in abatement should have been overruled. R. S. 1909, sec. 3956 (Fourth). (2) The following ques-

tions were raised and presented in the county court by petition of remonstrance filed by appellants and others to the granting of the order of incorporation, viz: (a) That the petition for incorporation is not presented by "a majority of the inhabitants." (b) That the petition for incorporation is not, and does not purport to be, a petition of the inhabitants of "any city or town of the State not incorporated," but is, and purports to be, only a petition of certain inhabitants of "the territory hereinafter described," which territory is nowhere alleged to be or to constitute an unincorporated city or town. (c) That the territory described in said petition is not in point of fact an unincorporated city or town at all, but, on the contrary consists of three totally distinct and different classes of territory, to wit: first, the little residence settlement of Home Heights, housing a population of 142 families and no more; second, a large tract of agricultural territory outside the limits of Home Heights, used solely for agricultural purposes, and in nowise connected with or in any manner appertaining to the town, village or city sought to be incorporated; third, an integral portion of the unincorporated Town of Overland — a town petitioning for incorporation by petition pending in the same court as the petition for the incorporation of Uniondale. (d) That the petition for incorporation is defective, in that it does not pray for the preservation and regulation of any commons pertaining to such city or town. (e) That the petition is defective, in that the prayer thereof is not for the incorporation of territory, but is for the incorporation of "your petitioners." (f) That the names purporting to be signed to the petition were not in fact signed thereto, but were in fact signed to pieces of paper which were no part of said petition when signed; that said signatures were in fact procured to blank pieces of paper, on the representation, made in some cases, that they were to be used in opposition to the proposed incorporation, and, in other cases, that they were to be used to a petition for better school

facilities. (g) That an order granting incorporation would be so unreasonable as to justify the courts in declaring it void upon that ground alone, in this, to wit: first, it would have the effect of compelling eighty-one families, now having access to Ritenour School, in Overland, to pay for the building of another school in Home Heights, to which they can have no access because of its remote distance and lack of transportation facilities; second, it will have the effect of depriving eighty-one families from having access to Ritenour School, for the building and maintenance of which their taxes have long since been paid; third, it will defeat the incorporation of Overland; fourth, it will permit a small residence community to appropriate to its own use large sections of agricultural territory with which it is in nowise connected, and also to reach over and appropriate large sections of an unincorporated city or town, without including the real business part and center of the urban community; and fifth, it will produce a multiplicity of litigation, which will stagnate the district, strangle development and delay improvements. These questions, were all judicial questions, calling for the exercise of judicial power. They were all tendered to this court by petition for prohibition seeking to restrain the county court from exercising jurisdiction over this same petition, and in its opinion this court distinctly ruled as follows, viz: (a) That the situation presented by the petition and remonstrance filed in the county court involved "the hearing of a case." (b) That the hearing of such case was "within the jurisdiction of the county court to determine . . . in the first instance." (c) "We cannot, in proceedings for prohibition, assume that the county court will err in its judicial determination of these questions, nor can we assume, in this proceeding, that their judgment will be procured by fraud, nor that they will improperly proceed in the conduct of the case. They have a right to proceed, even a right to commit error, in those proceedings. Their determination, when

made, is a judicial act, a judgment." State ex rel. Coyne v. Buerman, 186 Mo. App. 702.

*George B. Logan* for respondent.

(1) Secs. 3956 and 4091, R. S. 1909, when read together, as they must be, do not confer jurisdiction on the circuit court to hear this case. The former section only generally confers jurisdiction of appeals from the county court. The latter section defines how the jurisdiction shall be exercised, namely, by trial *de novo*. It follows that where there can be no trial *de novo*, there is no jurisdiction. In other words, the circuit court has jurisdiction only over those cases which in their nature are appealable. Barnett v. Pemiscot Co., 111 Mo. App. 698; Sheridan v. Fleming, 93 Mo. 325. (2) The circuit court has no authority to enter a decree incorporating a fourth class city, and could have entered no judgment to that effect, consequently could not have tried this case *de novo*. Sole authority for such a decree vests in the county court. Article V, R. S. 1909. (3) The jurisdiction of the county court in matters of incorporation is precisely analogous to those cases of dramshop licenses. Both call for determinations of facts—"judgments," as the appellants specify—but it has been repeatedly held that there is no appeal to the circuit court from such orders or decrees, State ex rel. v. County Court, 47 Mo. App. 649; Bean v. County Court, 33 Mo. App. 644. (4) It has been specifically held that there is no jurisdiction in the circuit court to hear an appeal from a county court from a decree incorporating a city. This case remains the law. Hall v. DeArmond, 46 Mo. App. 596. (5) There is an ample remedy by *quo warranto* in precisely these cases, and our courts have frequently said that this was the remedy to pursue. State ex rel. v. Birch, 186 Mo. 205; State ex rel. v. Bellflower, 129 Mo. App. 138.

RAGLAND, C.—On August 17, 1914, a petition was filed in the County Court of St. Louis County for an

order incorporating certain territory in said county as a city of the fourth class, under the name of "Uniondale." The petition was formally presented for consideration August 28, 1914, but the court ordered that the cause be set down for hearing September 14, 1914; that at such time any person desiring to present objections to the granting of the relief prayed for be heard; and that a copy of the order be published in the St. Louis County papers. The publication was made. Thereafter certain "citizens and taxpayers of Overland Park" (a residence district within the territory sought to be incorporated) filed a "remonstrance." After a number of continuances, a hearing was had on the petition and "remonstrance," with the result that the court granted the prayer of the petitioners and made an order in due form incorporating Uniondale as a city of the fourth class. From this order the county court allowed "remonstrators" an appeal to the Circuit Court of St. Louis County. A transcript of the proceedings in the county court was duly filed in the circuit court, and thereafter the City of Uniondale, appearing specially, moved the circuit court to dismiss the cause upon the ground that the court was without jurisdiction to proceed therein for the reason that no appeal will lie from such an order or judgment of the county court. This motion was sustained, and from this order of the circuit court the "remonstrators" were granted an appeal to the St. Louis Court of Appeals. That court held that the only question presented for determination on the appeal to it was "whether or not, under our law, an appeal lies from an order or judgment of a county court incorporating a city." It came to the conclusion that such an appeal does lie and ordered the judgment reversed and the cause remanded. However, deeming its decision to be in conflict with that of the Kansas City Court of Appeals in Hall v. DeArmond, 46 Mo. App. 596, and with that of the Springfield Court of Appeals in In re Town of Arcadia, 201 S. W. 359, it certified the cause here.

I.  The question involved here, it seems to us, is not whether an appeal lies from an order of a county court incorporating a city of the fourth class, considered abstractly, but whether the so called "remonstrators" in this case had the right to appeal.  The order of the County Court of St. Louis County has the force and effect of a judgment. [State ex inf. v. Fleming, 147 Mo. 1, 10.]  It finally disposes of the matter and is, therefore, a final judgment.  Had the petitioners been aggrieved by this judgment, there is no doubt but that under Section 3956, Revised Statutes 1909, they would have been entitled to an appeal to the circuit court, and thereupon that court would have become possessed of the cause and authorized to hear and determine it as though it had originated therein. [Sec. 4091, R. S. 1909; State v. Wiethaupt, 238 Mo. 155; State v. McElhinney, 246 Mo. 44.]  Whether "remonstrators" had the right to appeal rests upon other considerations.  The relevant portion of the statute relating to the incorporation of cities of the fourth class (Sec. 8529, R. S. 1909) is as follows:

"Any city or town of the State not incorporated may become a city of the class to which its population would entitle it under this article, and be incorporated under the law for the government of cities of that class, in the following manner:  Whenever a majority of the inhabitants of any such city or town shall present a petition to the county court of the county in which such city or town is situated, setting forth the metes and bounds of their city or town and commons, and praying that they may be incorporated, and a police established for their local government, and for the preservation and regulation of any commons appertaining to such city or town, and if the court shall be satisfied that a majority of the taxable inhabitants of such town have signed such petition, the court shall declare such city or town incorporated."

The procedure prescribed is brief and simple. "Whenever a majority of the inhabitants shall present

a petition to the county court,  .  .  .  praying that they may be incorporated,  .  .  .  if the court shall be satisfied that a majority of the taxable inhabitants .  .  .  have signed such petition, the court shall declare such city or town incorporated." No notice of any kind is required. It is not necessary that the petition shall have been on file for any length of time, or even that it shall have been filed at all, before being taken up for consideration by the court. Upon its presentation the court may immediately proceed to determine whether it is signed by a majority of the taxable inhabitants, and, if it is satisfied that such is the case, may make its order of incorporation without further ado. Not only, therefore, is notice not required, but the statute does not contain the slightest implication that the taxable inhabitants of the territory sought to be incorporated, who do not sign the petition, may appear and contest it. It must be borne in mind that this proceeding is not an "action" within the meaning of the code wherein any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiff. It is a special statutory proceeding. The statute that created the right provides the remedy and prescribes the procedure. It is complete within itself and it alone, therefore, determines who may be parties. [1. C. J. 988, n. 72.] Taking it as the criterion it must be held that the proceeding is in no sense adversary. The action of the citizens and taxpayers of Overland Park, in filing a remonstrance in order to become parties, was entirely futile. Their relation to the proceeding might be considered that of *amici curiae*, but nothing more. It follows that they were not entitled to appeal.

II. It is said that taxpayers who are opposed to incorporating a given territory into a city should be accorded the right to be heard in a proceeding instituted for that purpose because, if sustained, it subjects them to the burdens of municipal taxation. In answer to this contention it is sufficient to say that the giving or with-

holding of such right is a matter that rests wholly within the discretion of the Legislature. It is not essential to the validity of the proceeding that all taxpayers who may be affected thereby have their day in court. The Legislature has the power to incorporate territory into a city with or without the consent of its inhabitants (St. Louis v. Allen, 13 Mo. 400; Taylor v. Carondelet, 32 Mo. 105, 110), provided it does it by general law. [Cons. Art. IX, Sec. 7.] And while the county court in passing upon the petition is performing a judicial function and its pronouncement thereon is a judgment, yet all the agencies invoked by the statute—the majority of the taxable inhabitants, their petition and the county court—taken collectively, is but the instrumentality through which, in the manner prescribed, the Legislative power is exercised in creating cities of the fourth class.

The judgment of the circuit court is affirmed. *Brown* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAG-LAND, C., is adopted as the opinion of the court. All of the judges concur.