KANSAS CITY, a Municipal Corporation, Relator, v. JAMES S. ROONEY, Judge, Respondent.

NEIL BARRON ET AL., Relators, v. JAMES S. ROONEY, Judge, Respondent, Nos. 43610 and 43611—254 S. W. (2d) 626.

Court en Banc, February 9, 1953.

·David M. Proctor, John J. Cosgrove, Wherritt & Sevier and Harry A. Hall for relators.

S. Preston Williams and Paul S. Rogers for respondent.

PER CURIAM:—Relators seek to prohibit Honorable James S. Rooney, Judge of the Circuit Court of Clay County from proceeding in an appeal taken by certain landowners from an order of the County Court of Clay County denying their petition for incorporation of a certain area of land in said county as the Village of Pleasant Valley. The incorporation was sought under the provisions of Section 80.020. (Statutory references are to RSMo 1949 and VAMS.)

It is alleged that the area included about 3000 acres and had a population of 170 persons. The order of the County Court stated "that the Court is not satisfied that the signatures on said petition constitute two-thirds of the taxable inhabitants of said proposed Village, and further finds that the prayer of said petition is unreasonable."

Relators have two alternate theories as to why the Circuit Court has no jurisdiction. They say that if the refusal to incorporate is a judicial decision involving judicial discretion the order is void, because the County Court under the 1945 Constitution and particularly Article V, Section 1, is not vested with judicial powers and, therefore, there is nothing from which to appeal. On the other hand, they say that if incorporation is a legislative power to create towns and villages, then there can be no appeal from the exercise of the legislative discretion and, therefore, there is nothing for the Court to decide.

We do not agree with relators' conclusions. An appeal from the judgments and orders of County Courts is authorized by Section 478.070. (See In re City of Uniondale, 285 Mo. 143, 225 S. W. 985; In re City of Kinloch, 362 Mo. 434, 242 S. W. (2d) 59; see also Bradford v. Phelps County, 210 S. W. (2d) 996, 357 Mo. 830.) The procedure to be followed and the scope of review on such an appeal is provided by Section 49.230. However, the 1945 Constitution has taken all judicial power from the County Court so that it is no longer a judicial court but has become an administrative body. Section 22 of Article V of the Constitution authorizes appeals from decisions of administrative bodies and provides the scope of review. (Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S. W. (2d) 647.) Therefore, the scope of review on any appeal from the County Court is that provided by Section 22, Article V. As we held in the Wood case, all previous statutes are amended by substituting the provisions of Section 22, Article V, for any scope of review previously stated, because the constitutional standard of review "is mandatory and requires no legislation to put it into effect." Thus, the provision in Section 49.230 that a circuit court on an appeal from a county court "shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court", has been repealed by Section 22, Article V, and the scope of review stated in said constitutional provision substituted therefor, namely: "Such review shall include the determination * * * whether the same are supported by competent and substantial evidence upon the whole record."

In other words, review by a Circuit Court of decisions of a County Court are now on the same basis as review of awards of Workmen's Compensation or orders of the Public Service Commission. As we recently pointed out in Michler v. Krey Packing Company, 363 Mo. 707, 253 S. [628] W. (2d) 136, decisions of administrative tribunals

are not reviewed de novo because courts have no authority to make findings of fact in such cases. An administrative tribunal "is a fact finding body, and the Court examines the evidence not to make findings for the Commission but to ascertain whether its findings are properly supported." This "does not mean that the reviewing court may substitute its own judgment on the evidence for that of the administrative tribunal. But it does authorize it to decide whether such tribunal could have reasonably made its findings, and reached its result, upon consideration of all of the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence."

Therefore, the Circuit Court of Clay County has jurisdiction of the appeal and prohibition should be denied.