In the Matter of the Petition to Incorporate the CITY OF DUQUESNE, MISSOURI, Petitioners-Appellants.
No. 7667.

Springfield Court of Appeals.

Missouri.

April 15, 1958.

James E. Brown, Stanley P. Clay, Joplin, for appellant.

Frieze & Crandall, Carthage, Loyd E. Roberts, Joplin, amici curiae.

McDOWELL, Judge.

This appeal is from a judgment of the Circuit Court of Jasper County, Missouri, affirming an order and judgment of the County Court denying a petition to incorporate Duquesne as a city of the fourth class.

May 4, 1956, a verified petition was filed in the County Court of Jasper County for an order incorporating certain territory in said county as a city of the fourth class, under the name of "Duquesne".

The petition alleged all of the essential elements for incorporation required by Section 72.080 RSMo 1949, V.A.M.S. for incorporation of a city or town as a city of the fourth class.

The County Court set a hearing on the petition for May 21, 1956. At this hearing petitioners were represented by Stanley P. Clay; Loyd E. Roberts appeared for and in behalf of 121 taxpaying citizens within the proposed incorporation and

Arkley Frieze appeared in behalf of O. E. Buder of St. Louis Trust Company, owner of property located in the proposed incorporated area.

At the hearing Mr. Roberts was permitted, over objection of appellants, to file a petition for 121 taxpaying citizens in opposition to the incorporation. The court permitted Mr. Roberts and Mr. Frieze to act as amici curiae.

Judge Shadday, speaking for the court, stated that the court had been advised by the Prosecuting Attorney's office that all resident taxpayers could be heard and that the court would hear evidence by interested parties. He stated that according to investigations made by the court, one-half of the area included in the petition is used for agricultural purposes; that only 490 of the 3200 acres included are subdivided; and, that accepting the population as given in the census report at 909 people, there are only 180 persons per square mile as compared to 800 per square mile for Asbury and 1600 per square mile for Duenweg.

The court raised the question as to whether the area at present constitutes a city or town which could be legally incorporated under § 72.080.

A census of the population in the proposed area showed the number of adults to be 590 and the total population to be about 900.

From the evidence the court found that more than half the taxpaying citizens within the proposed incorporation had signed the petition.

Appellants objected to the filing of the petition of the 121 taxpayers, who opposed the incorporation, on the grounds that the only issue involved was whether the petition filed was good and sufficient and that the acceptance of a counter-petition was a method of ascertaining the wishes of a part of the people in the community and was not acceptable. Appellants, likewise, objected to the appearance of Mr. Roberts and Mr. Frieze as attorneys. The court ruled that they could appear as amici curiae.

The court, in its judgment, denied incorporation of Duquesne on two grounds. First, that the evidence was insufficient to show the existence of a city or town. Second, that approximately one-half of the proposed area to be incorporated was purely agricultural land. The court stated that it had gone over the territory sought to be incorporated, had gone to the county assessor's and surveyor's offices and found no records or plats showing a city or town and that there was no evidence showing that any municipal functions had ever been exercised by the proposed area.

The judgment of the Circuit Court affirming, on appeal, the judgment of the County Court, found there was substantial and competent evidence to support the judgment of the County Court, particularly paragraph (1).

Paragraph (1) of the County Court's judgment reads:

"The Court finds that there is no existing City or town of Duquesne 'not incorporated", referable to the area of proposed incorporation within the meaning of Section 72.080, R.S. Missouri 1949 [V.A.M.S.]. No evidence was offered by petitioners to show that any unincorporated city or town exists on or covers the area proposed to be incorporated. That an unincorporated city or town may exist without incorporation is recognized in the Missouri Statutes, as for example, Section 71.090, R.S. Missouri 1949 [V.A.M.S.], which permits the change of name of an unincorporated city or town. This Court believes it has no power to incorporate a fourth class city under the law and evidence presented."

On May 24, 1956, the date of the rendition of judgment by the County Court, appellants filed notice of appeal to the Circuit Court. Notice was directed to the County Court and requested that court, under its certificate, to return to the Circuit Court all documents and papers properly

on file in the matter, together with a transcript of the evidence, the order, decree, decision or judgment and to proceed hereon according to law.

The record of the County Court, together with notice of appeal, was filed in the Circuit Court on June 15th and within thirty days from the date of rendition of judgment in the County Court.

We are first presented with the question of jurisdiction. It is suggested that appellants failed to comply with section 536.110 RSMo 1949, V.A.M.S. of the Administrative Procedural Act in their attempted appeal from the County Court to the Circuit Court; that the Circuit Court was without jurisdiction to hear the appeal and therefore this court is without jurisdiction to hear it.

It is the duty of the court of appeals to determine its jurisdiction in matters presented. Ashauer v. Peer, 346 Mo. 218, 139 S.W.2d 991; Perkins v. Burks, Mo. Sup., 61 S.W.2d 756; Rust Sash & Door Co. v. Gate City Bldg. Corp., 342 Mo. 206, 114 S.W.2d 1023; Pursley v. Pursley, Mo. Sup., 213 S.W.2d 291; Miller v. Haberman, Mo.App., 219 S.W.2d 656.

The right of appeal from an order of a county court is purely statutory except insofar as the Constitution authorizes an appeal. Duenke v. St. Louis County, 358 Mo. 91, 213 S.W.2d 492; § 478.070 (4) RSMo 1949, V.A.M.S.; In re City of Uniondale, 285 Mo. 143, 225 S.W. 985; In re City of Kinloch, 362 Mo. 434, 242 S.W.2d 59; In re Village of Pleasant Valley, Mo.App., 272 S.W.2d 8.

The Legislature provided a method of review from judgments of the county court prior to the adoption of the new Constitution. § 2088, RSMo 1929 (now § 49.230 RSMo 1949, V.A.M.S.). This section provides:

"In all cases of appeal from the final determination of any case in a county court, such appeal shall be prosecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from magistrates to circuit courts, and when any case shall be removed into a court of appellate jurisdiction by appeal from a county court, such appellate court shall thereupon be possessed of such cause, and shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court, without regarding any error, defect or informality in the proceedings of the county court."

It is suggested that the method of review provided for in § 49.230 has been repealed by § 22, Art. V of the Constitution (1945), V.A.M.S. With this contention we do not agree. § 22, Art. V reads:

"All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record."

County courts were deprived of their judicial character and reduced to administrative agencies by the adoption of the new Constitution. § 22, Art. V of the Constitution repealed that part of § 49.230 which provides for the scope of review. The scope of review provided under § 49.230 was that the appellate court should try the case de novo. § 22, Art. V of the Constitution provides that the scope of review shall be whether or not the judgment is supported by substantial and competent evidence upon the whole record. This section is self enforcing and repeals the scope of review provided in § 49.230. Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647, 649; Kansas City v. Rooney, 363 Mo. 902, 254 S.W.2d 626;

In re Village of Pleasant Valley, supra, 272 S.W.2d at page 12.

The law was stated in Wood v. Wagner Electric Corp., supra, as follows:

"The provision in Section 22 that administrative decisions 'shall be subject to direct review by the courts as provided by law' refers to the method of review to be provided (certiorari, appeal, etc.) and not to the scope of the review 'in cases in which a hearing is required by law.' For the latter, this stated minimum standard ('supported by competent and substantial evidence upon the whole record') is mandatory and requires no legislation to put it into effect. * * *"

█ § 536.110 RSMo 1949, V.A.M.S. of the Administrative Procedure and Review Act does not apply to agencies which have their own separate review provision set up in their own special statutes. This Act was never intended to be a complete or adequate statute for administrative review of procedure. 4 M.B.J. 161, 171 (1948); M.L.R., Vol. 17 (1952) p. 287.

It is said in the Missouri Bar Journal (1948) Committee Reports, page 171, that a statute was passed at the 1945–46 session to implement section 22 of Article V and Section 16, Article IV of the Constitution 1945. It stated: " * * * This statute contains provisions relating to rule making, declaratory judgments and judicial review. Its provisions with respect to judicial review relate both to the scope of and manner of review of the decisions of agencies 'existing under the constitution or by law,' but they do not apply to agencies which have their own separate review provisions set up in their own special statutes. This act was never intended to be a complete or adequate statute on administrative review or procedure. It contains, for example, a few, but only a very few, provisions relating to procedure in agency cases." Kansas City Law Review, Vol. 19, p. 287.

We find that the appeal was properly taken under the section provided for appeals from judgments of the county court as provided by law, (now § 49.230). Section 512.190 RSMo 1949, V.A.M.S.

Under appellants' first assigned error it is contended: "In view of the verified petition filed in this proceeding, the sufficiency of which is admitted, the County Court of Jasper County, Missouri, and the Circuit Court of Jasper County, Missouri, Division No. Two, erred in refusing to incorporate the community known as Duquesne, Missouri, as a city of the fourth class under the applicable statutes of the State of Missouri."

Section 72.080 RSMo 1949, V.A.M.S. provides: "Any city or town of the state not incorporated may become a city of the class to which its population would entitle it under this chapter, and be incorporated under the law for the government of cities of that class, in the following manner: Whenever a majority of the inhabitants of any such city or town shall present a petition to the county court of the county in which such city or town is situated, setting forth the metes and bounds of their city or town and commons and praying that they may be incorporated, and a police established for their local government, and for the preservation and regulation of any commons appertaining to such city or town, and if the court shall be satisfied that a majority of the taxable inhabitants of such town have signed such petition, the court shall declare such city or town incorporated, * * *".

Section 72.040 RSMo 1949, V.A.M.S. provides: "All cities and towns in this state containing five hundred and less than three thousand inhabitants, * * * which shall elect to be cities of the fourth class, shall be cities of the fourth class."

In In re City of Uniondale, 285 Mo. 143, 225 S.W. 985, 987(2, 3) the law is stated: "The procedure prescribed is brief and simple:

" 'Whenever a majority of the inhabitants * * * shall present a petition to

the county court, \* \* \* praying that they may be incorporated, \* \* \* if the court shall be satisfied that a majority of the taxable inhabitants \* \* \* have signed such petition, the court shall declare such city or town incorporated. \* \* \*'

"No notice of any kind is required. It is not necessary that the petition shall have been on file for any length of time, or even that it shall have been filed at all, before being taken up for consideration by the court. Upon its presentation the court may immediately proceed to determine whether it is signed by a majority of the taxable inhabitants, and, if it is satisfied that such is the case, may make its order of incorporation without further ado. Not only, therefore, is notice not required, but the statute does not contain the slightest implication that the taxable inhabitants of the territory sought to be incorporated, who do not sign the petition, may appear and contest it. It must be borne in mind that this proceeding is not an 'action,' within the meaning of the Code, wherein any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiff. It is a special statutory proceeding. The statute that created the right provides the remedy and prescribes the procedure. It is complete within itself, and it alone, therefore, determines who may be parties. 1 C.J. 988, note 72. Taking it as the criterion, it must be held that the proceeding is in no sense adversary. The action of the citizens and taxpayers of Overland Park, in filing a remonstrance in order to become parties, was entirely futile. Their relation to the proceeding might be considered that of amici curiae, but nothing more. It follows that they were not entitled to appeal.

" \* \* \* It is said that taxpayers who are opposed to incorporating a given territory into a city should be accorded the right to be heard in a proceeding instituted for that purpose, because, if sustained, it subjects them to the burdens of municipal taxation. In answer to this contention it is sufficient to say that the giving or withholding of such right is a matter that rests wholly within the discretion of the Legislature. It is not essential to the validity of the proceeding that all taxpayers who may be affected thereby have their day in court. The Legislature has the power to incorporate territory into a city with or without the consent of its inhabitants ([City of] St. Louis v. Allen, 13 Mo. 400; Taylor v. [City of] Carondelet, 22 Mo. 105, 110), provided it does it by general law (Const. art. 9, § 7). And while the county court, in passing upon the petition, is performing a judicial function, and its pronouncement thereon is a judgment, yet all the agencies invoked by the statute—the majority of the taxable inhabitants, their petition, and the county court—taken collectively, is but the instrumentality through which, in the manner prescribed, the legislative power is exercised in creating cities of the fourth class."

The county court denied incorporation on the ground that the evidence failed to show an existing city or town of Duquesne not incorporated within the meaning of § 72.080 RSMo 1949, V.A.M.S., and assigned, as a second reason for the denial, that the proposed area contained agricultural lands beyond what is proper, approximately one-half of the total area of the proposed city. The judgment stated that "because of the agricultural land the court was without power to incorporate it as a city of the fourth class because of appellate court decision".

These reasons assigned by the county court for denying the incorporation are the sole grounds of contention.

The judgment of the Circuit Court affirming the judgment of the County Court stated that § 72.080 would seem to require a finding that there was actually a city or town existing which could be incorporated. In its opinion the court referred to Glasgow v. City of St. Louis, 15 Mo. App. 112, in regard to the definition of a city or town, and stated that the county

court found at least a part of the area is, a city or town under the definition. This case was decided in 1884. It was a case in equity to enjoin the stopping up of a street. It goes back to the old definition which stated that a town was larger than a village. We doubt if it is any authority in the instant case.

■ ■ The facts found by the county court in the instant case clearly establish that there was an unincorporated community by the name of Duquesne. The troublesome question is that the court found that about half of the territory sought to be incorporated was agricultural land. If the judgment of the Circuit Court affirming the judgment of the county court denying the incorporation can be affirmed, it must be because of the inclusion of the agricultural lands.

In State ex rel. Coyne v. Buerman, 186 Mo.App. 691, 172 S.W. 454, 457, the court held that if the county court improperly included more territory than is warranted, its action is not only not conclusive but void. (See authorities cited on page 457 of 172 S.W.). The court made this statement of law:

"It is within the jurisdiction of the county court to determine whether agricultural lands, beyond what is proper, are included within the corporate limits of the proposed city. That would involve a question of fact which that court has power to solve in the first instance, its conclusion on this, as well as to whether the requisite number of taxable inhabitants have petitioned for incorporation being, if void, open to attack by quo warranto."

The court, in making this holding, was passing upon the incorporation of the town under the same statute as is now the law.

It is contended by appellants that the Buerman case was decided January 5, 1915, five years before the Supreme Court decided the Uniondale case; that the matters decided in the Buerman case as to the inclusion of agricultural land, was dicta;

and, besides, the case has been overruled by the Uniondale case as to the essential ingredients in organizing a fourth class city. It is stated in appellants' brief that the Buerman case represented an application for a writ of prohibition growing out of the Uniondale case.

We agree with appellants that there is nothing stated in the verified petition or evidence offered by appellants to justify a finding that half of the territory to be incorporated was agricultural lands. The finding of the county court was based upon an inspection of the territory by the court prior to the filing of the petition and prior to the hearing thereof. The court made a statement of the result of the inspection of the territory in the record and, upon the facts so ascertained, made its findings.

What was said in the Uniondale case, relied upon by appellants, that may be pertinent to the instant case was dicta. The issue involved was whether or not parties who filed remonstrances against the incorporation were entitled to appeal. It leaves the law confusing and we find no cases, other than set out herein, passing upon the matter.

■ The county court is the agency through which legislative authority to establish municipalities is provided. It can only ascertain the facts required by the statute. § 72.080 RSMo 1949, V.A.M.S., provides what facts the county court must find in ordering the incorporation of a city of the fourth class. The statute states that any unincorporated city or town may file a petition with the court. The Uniondale case specifically says that all that is required is that a petition be filed setting out the metes and bounds of the proposed incorporation and the commons, signed by a majority of the taxpaying citizens. And if the county court finds such facts, it is mandatory that the court incorporate the town. All these facts are admitted, yet, the Supreme Court, in the Uniondale case, did not have presented to it an issue as to whether the county court could deny the

incorporation if the facts showed there was no city or town and we think that matter has not been passed upon where the issue was raised.

We find, however, that a fair interpretation of the statute requires the county court to determine from the petition and evidence produced, whether or not the territory within the metes and bounds described constitutes a city or town. If half of the lands were purely agricultural lands, the court would be without authority to incorporate it.

We, therefore, sustain the judgment of the Circuit Court finding that the County Court was justified in denying the incorporation on the grounds that half of the territory proposed to be incorporated was agricultural lands.

So ordered.

STONE, P. J., and RUARK, J., concur.