**DIVISION OF EMPLOYMENT SECURITY, Gordon P. Weir, Director, Respondent,**

**v.**

**INDUSTRIAL COMMISSION OF MISSOURI, and Oaks Motel, Inc., a Corporation, Appellants.**

Nos. 22354, 22387.

Kansas City Court of Appeals.

Missouri.

May 7, 1956.

Jesse E. Bishop, St. Louis, for appellant Oaks Motel, Inc.

Lloyd G. Poole, Jefferson City, for appellant Industrial Commission of Missouri.

George Schwartz, Jefferson City, for respondent.

DEW, Presiding Judge.

Respondent, by administrative order ruled the appellant Oaks Motel, Inc. to be an "employer" under the "Unemployment Compensation Law of Missouri" (now entitled "Missouri Employment Security Law", RSMo Supp.1955, p. 587, V.A.M.S. 288.010 et seq.), and sought to collect contributions from it under that law with respect to the year 1951 and thereafter. The individual claim of Adelia Jane Goldsmith as an employee of Oaks Motel, Inc. was considered in the same proceedings. Upon request by the appellant Oaks Motel, Inc. a hearing was conducted before an appeals referee of the respondent Division of Employment Security, who rendered a decision affirming the administrative order, finding that the Oaks Motel, Inc. was an employer under the statute referred to and liable for the contributions claimed. Appellant Oaks Motel, Inc. thereupon applied for and was accorded a review of the matter before the Industrial Commission of Missouri, which reversed the appeals referee and held that

the Oaks Motel, Inc. was not an employer under the statutes in question and not liable for the contributions demanded. Thereafter that decision was reviewed by the Circuit Court, which reversed the decision of the Industrial Commission and ordered the cause remanded to that Commission for further proceedings not inconsistent with the Court's judgment. From the judgment of the Circuit Court an appeal was taken to this Court by the Oaks Motel, Inc. and the Industrial Commission of Missouri.

For convenience and clarity the appellant Oaks Motel, Inc. will hereinafter be referred to as the "Oaks Motel", the appellant Industrial Commission of Missouri as the "Commission", and the respondent Division of Employment Security as the "Division".

The ultimate legal issue before the appeals referee and the Commission was whether or not, under the evidence, the Oaks Motel was an employer subject to the Missouri Employment Security Law during the calendar year 1951 and thereafter. The legal issues, therefore, before the Circuit Court were whether or not the findings of the Commission were authorized by law and supported by competent and substantial evidence upon the whole record made, and whether the Commission could have reasonably made its findings under such evidence. Constitution of Missouri, Art. V, Sec. 22, V.A.M.S.; Kansas City v. Rooney, 363 Mo. 902, 254 S.W.2d 626. It is the sole purpose of the present appeal to determine whether or not the Circuit Court properly ruled on such legal issues. Section 288.210 RSMo Supp.1955, page 606, V.A.M.S.

The statutes involved and in effect at the time of the notice of liability served upon the Oaks Motel comprised Chapter 288 RSMo 1949, V.A.M.S., as amended. The section principally in point was Section 288.020, subsection 8(4) RSMo 1949, which by reason of the enactments of 1951, is now Section 288.030, subsection 14(4). See Laws of Missouri 1951, page 567, RSMo Supp.1955, page 588, V.A.M.S. Subsections 14(1) and 14(4) are as follows:

"Section 288.030. Definitions. As used in this law, unless the context clearly required otherwise: * * *

"14. 'Employer' means:

"(1) Any employing unit which for some portion of a day, in each of twenty different calendar weeks, within either the current or the preceding calendar year, had in employment, but not necessarily simultaneously, eight or more individuals * * *

"(4) Any employing unit which, together with one or more other employing units, is owned or controlled, directly or indirectly, by legally enforceable means by the same person, or which owns or controls one or more other employing units by legally enforceable means and which, if treated as a single unit with such other employing unit or person, or both, would be an employer under subdivision (1) of this subsection (and for the purposes of this definition ownership by the same person of the majority of the voting shares of stock of an employing unit shall, among other things, constitute prima facie evidence of control by legally enforceable means)".

The evidence adduced at the hearing before the appeals referee, considered by the Commission on review, and by which the Circuit Court and this Court are bound, disclosed the facts hereinafter related. At all times pertinent to this case Mathias Gmeiner was the owner of three super grocery stores or markets in the City of St. Louis, Missouri, and as to such stores he was admittedly an "employer" in the sense of the Missouri Employment Security Law. On April 2, 1951, the appellant Oaks Motel, Inc. was incorporated and Mathias Gmeiner was issued and became the owner of 365 of the 367 shares of the capital stock of the corporation, the remaining two shares being held by two other persons to qualify them for the office of Director. Gmeiner was also elected the president and treasurer of the corporation. At the time of its incorporation Gmeiner purchased and turned over to the corporation the Oaks Motel property described in the proceedings, including a package liquor store operated there and in connection therewith.

Gmeiner was the only stockholder of the Oaks Motel, Inc., who was active in connection with the motel project and he employed as its manager Adelia Jane Goldsmith.. Other than above stated he was never connected in any way with the Oaks Motel property before the corporation was organized nor after its dissolution in August, 1953. The motel was located at 9285 Watson Road in St. Louis County, Missouri, and never had more than five employees at any given time. It was approximately fifteen miles distant from the nearest one of the grocery stores owned by Mathias Gmeiner and located in the City of St. Louis. Gmeiner spent about sixteen hours a day, six days a week, in the operation of his grocery stores. Once a week, usually on Sunday, sometimes oftener, Gmeiner would call at the motel and receive the cash receipts from Mrs. Goldsmith, sign its checks and would do the banking business of the corporation. She hired the maids and such other employees as necessary, made out daily reports and from time to time made recommendations to Gmeiner as to the needs of the motel. Her judgment was usually accepted. She had experience in the motel business and he had none. Gmeiner received some remuneration from the corporation, but not a steady salary.

Gmeiner referred the accounts of the motel to the same certified accountant as he used in connection with his grocery store accounts. There is evidence that the accountant was none other than an independent operator of his profession, and that there was never any interchange or intermingling of employees, equipment or merchandise between the stores in St. Louis City and the motel in St. Louis County. No liquor was sold at any of the grocery stores.

The Commission, basing its conclusion on the opinion in Kellogg v. Murphy, 349 Mo. 1165, 164 S.W.2d 285, construed Section 288.030, subd. 14(4), to refer to businesses— " * * * which, by location, nature or common experience might not unreasonably be expected to operate under substantial unification in the absence of such a. statute, and to those businesses

where there is evidence of actual unification; and that in cases of businesses that are not so related or similar, the existence of actual joint control or majority stock ownership is not conclusively determinative to the exclusion of other facts in evidence". The Commission found that there " * * * was no substantial evidence of unification, either actual or substantial, of the two businesses involved in this case, and that, therefore, they should not be treated as a single unit within the contemplation of the above section of the law".

The Circuit Court on review reversed and remanded the decision of the Commission on the ground that—(1) The Commission erred in holding, in effect, that the subsection referred to required as an indispensable element of liability that the two or more employing units, to be treated as one, must be related or similar; (2) that the Commission erred in failing to apply the ultimate conclusive test of whether Oaks Motel, Inc. was actually controlled by Mathias Gmeiner; (3) that the Commission erred in concluding, as a matter of law, that there was no substantial evidence of actual unification, i. e., actual joint control of the two employing units by the same person, Mathias Gmeiner; (4) that there was substantial evidence that Gmeiner actually controlled Oaks Motel, Inc., as well as his individually owned and operated "related" grocery business and in disregarding such evidence, the Commission acted arbitrarily and capriciously; (5) that the decision of the Commission was therefore unauthorized by law.

The Oaks Motel and the Commission strongly assert here that under the evidence and under the proper construction of the statute the decision of the Circuit Court was erroneous * * *. In particular, they insist that as a matter of law under the evidence the Oaks Motel, with admittedly less than eight employees, cannot be held to qualify as an employer, taxable under the statute cited, by considering its employees together with those of the three grocery stores owned and operated by Mathias Gmeiner, because of the diversity shown between such motel business and the gro-

cery stores as to nature, location and operation. They contend that it was error to reverse the finding of the Commission that "* * * there was no substantial evidence of unification, either actual or substantial, of the two businesses involved in this case". They maintain that the Court erred in not applying the test of whether the business operated by the Oaks Motel, considering its location, nature and common experience, might reasonably be expected to operate under substantial unification with the grocery stores individually owned by Gmeiner, in the absence of the provisions of Chapter 288 RSMo 1949, or whether there was evidence of actual unification of the two businesses.

It is the contention of the Division that under the present Section 288.030, subd. 14(4), Laws of Missouri 1951, page 567, quoted supra, the combination of the employees of the Oaks Motel with the employees of its majority stockholder Mathias Gmeiner in his grocery stores referred to, lawfully constitutes the necessary number of employees (eight or more) and under such ownership and control as is required by said subsection to qualify the respondent Oaks Motel as an "employing unit" liable for the tax provided under Chapter 288 of the statutes pertaining to employment security; that the Circuit Court was correct in ruling that the Commission could not reasonably have reached its conclusion under the evidence before it, and that as a matter of law, the decision of the Commission was unauthorized.

More particularly, the Division takes the position here that the Circuit Court properly reversed and remanded the decision of the Commission because (1) the Commission failed to apply the ultimate and conclusive test as to whether Gmeiner actually controlled the Oaks Motel, directly or indirectly, by legally enforceable means, as well as his individually owned businesses; (2) because the Commission's interpretation of the statute was incorrect in construing it to require the businesses, if treated as one for the purposes of the statute, to be "related" or "similar"; and (3) that the Commission erred in concluding, as

a matter of law, that there was no substantial evidence of actual unification, i. e., "actual joint control of the two employing units by the same person, Mathias Gmeiner".

All the parties concede that the construction of the statute in question is determined in Kellogg v. Murphy, supra, but they cannot agree upon the interpretation of that opinion as applied to the facts of this case. In the Kellogg case a Mrs. Kellogg individually and solely owned and operated a printing business in Kansas City under the name of the Kellogg-Baxter Printing Company. It had seven employees. One was awarded the benefits of the Unemployment Compensation Law and Mrs. Kellogg was charged with contributions accordingly. She denied her liability. At the same address there was composed, printed and published by the Creel Publishing Company, a corporation, a weekly social magazine called the "Independent". It had four employees. Mrs. Kellogg owned 70 percent of the capital stock of this corporation. It owned no printing machinery and paid the Kellogg-Baxter Company for printing the magazine. The companies had different employees, kept different books and their separate operation appeared to be in good faith. A Mrs. Gaylord managed the Creel Company, or was responsible for the publication of the "Independent", as a personal representative of Mrs. Kellogg.

In the Kellogg case [349 Mo. 1165, 164 S.W.2d 288], the referee and the Commission on review found, among other things, that, under the facts stated above, the two businesses were conducted "by the same interests and owned and controlled by the same interests and are operated practically as one business", and should be treated as a single unit for the purposes of the Unemployment Tax statute referred to as the "affiliate clause" heretofore quoted. The Circuit Court affirmed the decision of the Commission.

Judge Ellison, speaking for the Supreme Court in the Kellogg case, said there was some evidence that Mrs. Kellogg owned one company and actually controlled the other; that she had the potential control and could

obtain the actual control of the corporation by legally enforceable means as a majority stockholder; that the proof established that the businesses were in good faith wholly separate and distinct except for their "physical propinquity". The opinion pointed out that the theory of the respondents therein was that the two businesses should be treated as one employing unit because they were owned or controlled by the same individual or interests. After reviewing the history of the subject and authorities in other jurisdictions, Judge Ellison stated that, 349 Mo. at page 1178, 164 S.W.2d at page 292: "There can be no doubt that the ultimate criterion under subsection (h) 1, 4, is *substantial unification* of two or more businesses by *actual joint control*". The opinion further stated that the authorities indicate the purpose of the "affiliate clause" to be to prevent circumvention of the law by splitting a business so as to avoid the tax. This, the court said, implies a homogeneous entity to be split up — " * * * a business which before the enactment, in circumstances otherwise similar, reasonably might have been carried on as a single unit". The court said 349 Mo. at page 1179, 164 S.W.2d at page 293: "In other words it seems fair to say the law is not intended to cover businesses of such diverse location and nature that there had been no substantial unification and normally would not be if the law had not been enacted—unless, of course, there is evidence indicating actual joint control".

The court in the Kellogg case said that despite the words of the "affiliate clause" the ownership mentioned is not of itself the test, but is intended to be merely evidentiary of actual common control; that—"Whether the affiliate clause (h) 4 establishes a rule of evidence or classification, it cannot rest on a foundation which is so arbitrary, unreasonable, unnatural or extraordinary as to make it unconstitutional. However, the burden is on the assailant of the statute to show it is arbitrary, when applied to him; and not on its proponent to show it is reasonable." The opinion further stated, 349 Mo. at page 1181, 164 S.W.2d at page 294: "We agree proof of major ownership, or control, of two separate businesses (corporate or otherwise) by the same employing unit sometimes would be sufficient to make an inference of unified control not unreasonable or arbitrary. Sometimes it would be wholly insufficient, depending on the proven history, location and nature of the two businesses. Hence we are unable to approve respondents' broad and unrestricted formula that any two or more businesses anywhere in the state are prima facie brought under the Unemployment Compensation Act by the sole fact of common major ownership or control, regardless of any evidence to the contrary. Neither do we agree that the formula is warranted, as held in the case from Washington, because it would be more difficult to prove the fact of unified control or natural affinity between the several businesses than to prove common ownership".

Applying the reasoning of the court to the Kellogg case the court said, 349 Mo. at page 1182, 164 S.W.2d at page 295: "We hold the affiliate clause subsection (h) 4 should be construed to refer to businesses which by location, nature or common experience might not unreasonably be expected to operate under substantial unification in the absence of such a statute; and to those where there is evidence of actual unification". The court proceeded, however, to conclude that " * * * the two businesses involved in this case come within that rule—a general printing business and a newspaper publishing business conducted at the same address and under common major ownership". The judgment of the Circuit Court was affirmed.

 It will be noted that the Supreme Court in the Kellogg case stressed the difference between mere unity of ownership or control of two or more businesses on the one hand, and a substantial *unification* of control of such businesses as contemplated by the Employment Security Statutes, on the other. Substantial *unification* of control, presumed or actual, is essential to the statutory authority for considering the employees of one business with those of another of the same ownership for the pur-

pose of determining if there would thus be the minimum number of employees required for liability of an employer ·under the Employment Security Law. Evidence of the same ownership or joint control is sometimes insufficient to establish such unification. If businesses· under the same ownership are by their nature, location, history and common experience such as would not, in the absence of the Employment Security Law, reasoñably be expected to operate substantially under a unified control, then Section 288.030, subd. 14(4) would not apply to them and such combination.of the employees of one with those of another would not be authorized as here claimed, unless, in fact, there was evidence of actual unification. Actual unification of operation or control may sometimes be possible and may be accomplished under the same ownership whether or not it would reasonably be expected, but there must be proof that such was effected, otherwise the "affiliate clause" would not apply on that theory.

We believe and hold in the case at bar, as a matter of law and upon the whole record, that there was not substantial evidence to support a finding that there was an actual unification of control of the Oaks Motel in St. Louis County and the grocery business of Mathias Gmeiner in the City of St. Louis as contemplated by Section 288.030, subd. 14(4), and that there was no substantial evidence that such businesses were, because of their location, nature, history and experience, reasonably to be expected to be operated under substantial unification of control in the absence of such statute. The result is that the decision of the Commission holding to the same effect was correct.

In our opinion the Circuit Court was in error in its construction of the statute and the evidence. The judgment of the Circuit Court should be reversed, and the cause remanded with instructions to that Court to enter judgment affirming the decision of the Commission. It is so ordered.

All concur.