**STATE of Missouri, at the Relation of CHESTNUT INN, Inc., a Corporation, Appellant,**

**v.**

**Fred R. JOHNSON, Director of Liquor Control of Kansas City, Missouri, Bernard C. Brannon, Chief of Police of Kansas City, Missouri, and the City of Kansas City, Missouri, a Municipal Corporation, Respondents.**

No. 22421.

Kansas City Court of Appeals. Missouri.

Jan. 7, 1957.

J. K. Owens, Kansas City, for appellant.

Benj. M. Powers, James H. Coonce, Kansas City, for respondents.

SPERRY, Commissioner.

This is an appeal from a judgment of the Circuit Court affirming an order of the Kansas City, Missouri, Liquor Control Board of Review suspending appellant's permit to engage in the sale of alcoholic beverages for a period of ten days.

Appellant was the holder of a permit to engage in the sale of alcoholic beverages in Kansas City, Missouri, under the ordi-

nances of said city. It was charged with violation of the ordinance, in that gambling was permitted on the premises where the business was conducted and, after a hearing as provided by ordinance, the Director of Liquor Control revoked the permit. Upon appeal to the Liquor Control Board of Review as provided by ordinance, the permit was ordered suspended for a period of ten days. The cause was removed to Circuit Court on a writ of certiorari and, after trial, the order of suspension was approved. This appeal followed.

Appellant makes but one point: That the judgment is against the greater weight of the credible evidence.

In the hearing before the Director of Liquor Control, respondent City offered the testimony of one Furlow, who stated that he was a hired investigator for the Kansas City Liquor Control office; that he visited appellant's place of business on four occasions, in February, 1954; that on each such occasion, he "played" a pin ball machine a number of times; that he won "free" games on said machine, and was paid, in cash, by permittee, the sum of five cents each for said "free" games; that he played said games in company with others and saw others play; that permittee saw and observed said playing and paid witness, and others in the presence of witness, in cash, such sums as they won on said "free" games; that permittee and witness bet on the outcome of their play; that witness won and permittee paid him the amount they bet, in cash.

Several witnesses gave testimony for appellant, to the effect that they had often been in permittee's place of business, as customers, and had never observed any gambling.

In Kansas City v. Rooney, 363 Mo. 902, 254 S.W.2d 626, 627–628, it was held that decisions of administrative bodies are not reviewed *"de novo"* because courts have no authority to make findings of fact in such cases; that an administrative tribunal "is the fact-finding body, and the Court examines the evidence not to make findings for the Commission but to ascertain whether its findings are properly supported."

In Rush v. Swift & Company, Mo. App., 268 S.W.2d 589, 594, it was held that a reviewing court may not substitute its own judgment on the evidence for that of the administrative tribunal, but may only decide whether that tribunal could have reasonably made its findings and reached its result upon consideration of all of the evidence before it.

In the case at bar, we should defer to the judgment of the administrative tribunal as to the credibility of the testimony of witness Furlow. Rush v. Swift & Company, supra, at page 594. We would not be justified, under the record here, in acting differently.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

DEW, P. J., CAVE, J., and FREDERICK H. MAUGHMER, Special Judge, concur.