Samuel H. WEESE, Receiver Crown Insurance Company, in Liquidation, Respondent,

v.

A. J. MARENGO, Respondent,

v.

Alvie L. BENNETT and Theodore M. Kitchin, Appellants.

Samuel H. WEESE, Receiver Crown Insurance Company, in Liquidation, Respondent,

v.

Milton GORDON and Orwig and Company, Inc., Respondents,

v.

Alvie L. BENNETT and Theodore M. Kitchin, Appellants.

Samuel H. WEESE, Receiver Crown Insurance Company, in Liquidation, Respondent,

v.

Ray H. PATTERSON and Katherine (Kittie) Sullivan, Respondents,

v.

Alvie L. BENNETT and Theodore M. Kitchin, Appellants.

Nos. 25556–25558.

Kansas City Court of Appeals, Missouri.

April 5, 1971.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 7, 1971.

Application to Transfer Denied Sept. 13, 1971.

Al Lebrecht, Kansas City, for appellant Theodore M. Kitchin.

Ben W. Swofford, Kansas City, and John C. Milholland, Harrisonville, for appellant Alvie L. Bennett.

Milton W. Adams, Gordon, Adams, Niewald & Risjord, Kansas City, for respondent Samuel H. Weese, Receiver Crown Insurance Company in Liquidation.

BROADDUS, Special Commissioner.

This is a consolidated appeal from orders denying intervention in three cases, Nos. 25556, 25557 and 25558. Separate transcripts were timely lodged here before the order of consolidation was made.

The petitions are identical, filed by the same plaintiff and differ only in the iden-

tity of named defendants and sums sought from each. Plaintiff in all suits acts as receiver. He seeks $5,544.81 in case No. 25556, $1,976.35 in No. 25557, and $1,350.73 in No. 25558, for a grand total of $8,871.89, less than the $15,000 jurisdictional limit of this court.

Appellants, petitioners for intervention, filed identical motions to intervene with intervening petitions in each case below. The trial court on June 9, 1970, entered identical orders in each case overruling the motions to intervene.

There was no evidence and the facts must be gleaned from the pleadings. They are as follows:

Crown Insurance Company, a West Virginia corporation doing business in Missouri, was placed in receivership in West Virginia on May 7, 1964, with plaintiff-respondent being the successor-receiver at the time the suits below were filed.

All policies of Crown were cancelled on May 20, 1964 and plaintiff brought these suits to recover sums now due to Crown and agents' commissions, retained but unearned by reason of such policy cancellations.

Prior to such cancellations, appellant Kitchin held vested rights to benefits under a policy issued to him by Crown, insuring him against public liability in the operation of his automobile in the sum of $15,000 for any one injury, by virtue of having been involved in a vehicular collision with appellant Bennett on April 5, 1963 and having been sued by Bennett, defended therein by attorneys provided by Crown, with resulting judgment against him in the sum of $90,000 entered on March 20, 1964, all prior to said receivership actions.

The Crown-provided trial attorneys, after entry of the judgment, filed timely post-trial motions and then withdrew and Crown provided no further service to its insured, Kitchin.

Kitchin, through his own personal attorneys perfected the appeal which was resolved against him in Division Two of the Supreme Court in February, 1966, and became a final judgment in March, 1966, Bennett v. Kitchin, Mo.Sup., 400 S.W.2d 97.

The Bennett judgment remains unpaid.

Prior to said judgment's finality and prior to the last Kitchin-hired services of attorneys, necessitated by Crown's abandonment of its contractual responsibilities to Kitchin, the supervising court in the West Virginia receivership caused all liquid assets of Crown to be removed from the State of Missouri and decreed that no payment will be made on any claim against Crown not proved in the receivership in West Virginia on or prior to September 7, 1964. Intervenors' claims against Crown and its successors, not having matured until March, 1966, were unprovable before that date and intervenors are without remedy in West Virginia pursuant to West Virginia's limitation.

Upon plaintiff-receiver's appearance in Missouri to seek the aid of Missouri courts in liquidating Crown's choses in action against Missouri residents, appellants sought intervention, pleading their equitable rights to the proceeds of the suits below and levying in equity on those choses in action, Kitchin seeking recovery for his attorney fees and claiming equitable indemnity against personal liability on the Bennett judgment against him, and Bennett seeking equitable levy on Kitchin's claims and rights against Crown and its successors and his own equitable levy on the proceeds of the receiver's suits in the court below.

As stated, no evidence was received on any issue of fact made upon the appellants' motions for intervention with their supporting intervening petitions, respondents being content to permit the trial judge to rule on the sufficiency of the pleaded facts as true.

The court below denied intervention, ruling solely on the pleadings and these appeals result.

Applicants set out the following from Civil Rule 52.11(a) V.A.M.R., providing that intervention is a matter of right:

" * * * (2) When the representation of the applicant's interest by existing parties is or may be inadequate and the applicant may be bound by a judgment in the action; * * *."

The applicants' claim and the main action do not, by any stretch of the imagination, have a question of law or fact in common. Applicants will not be bound by the judgment in the principal action, as the above rule contemplates. The main action is between Crown Insurance Company, through its Receiver, Weese, and various agents of the Company and is based upon the contractual relationship between Crown and its agents. The proposed action of applicants is based upon a policy of insurance issued by Crown and allegations based on the responsibilities alleged by reason of such policy.

The applicants rely mainly upon the case of State ex rel. Duggan v. Kirkwood, 357 Mo. 325, 208 S.W.2d 257, in which the relator, as trustee of Christopher Engineering Company, was permitted to intervene in a suit by a former employee of the engineering company against another engineering company, Seco-Lite Mfg. Co., for compensation. The relator claimed that the former employee, Magidson, had violated a contract for the employee's exclusive services by the wrongful use of confidential information, and that the engineering firm was entitled to a portion of the employee's recovery in the pending case. In the course of the opinion, the court said:

"We have already held that relator has presented a state of facts showing that whatever sum of money is due Magidson in the accounting in the Seco-Lite case equitably belongs to relator. Under these facts relator may not be adequately represented by Magidson in the Seco-Lite case. Magidson's interest is adverse to relator. Magidson could settle his claim with Seco-Lite for a far less sum than he might be entitled to if that case were tried on the merits. Also relator would be bound by the amount of recovery that Magidson obtains in the Seco-Lite case, this for the reason that the amount recovered by Magidson would show the profits he illegally made by breaching his contract with Christopher. The authorities quoted above hold that whenever an agent or employee violates his fiduciary relationship with the principal or employer and obtains a profit thereby, the profit equitably belongs to his principal or employer."

Thus the facts of the *Duggan* case distinguish it from the instant case.

There is no fiduciary relationship between Crown and applicants as existed in the *Duggan* case. A recovery against the defendant agents is not a recovery in favor of applicants and the responsibility or liability of defendant agents does not in any manner prove or relate to applicants' claims. For the applicants to have the right to intervene under the theory of the *Duggan* case then the liability of the defendant agents should prove applicants' claim against Crown. This it does not do.

The applicants urge equitable right as provided in Workmen's Compensation Law where an employer is subrogated to the employee's right against a third party tortfeasor as justification of their basis and in so doing rely on Cole v. Morris, Mo.Sup., 409 S.W.2d 668 and State ex rel. Transit Casualty Company v. Holt, Mo.App., 411 S.W.2d 249. The equitable right in subrogation cases is best described as that right which "arises, by operation of law where a person having a liability in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditors whom he has paid." Cole v. Morris. If applicants have any legal obligation or

have paid for the wrong of another then they have the equitable right to be subrogated to the rights of the injured person against the wrongdoer, but this is not the case, for applicants have not paid any debt nor are they under obligation to do so. The debt due Crown Insurance from its agent is not due applicants nor is there any relationship between the claims. State ex rel. Transit Casualty Company v. Holt does not sustain applicants' right to intervene for in that case, another Workmen's Compensation case, the court clearly ruled that the employer (intervenor) has no separate cause of action against the tortfeasor, that his cause of action is wholly derivative and is based upon the existence of a cause of action in the injured employee against the tortfeasor. In the instant case there is no right derivative of another's right or is there any right carved out of another right. Thus, since there is *no relationship between the alleged claims and no fiduciary relationship between the parties* then there is no possibility that applicants will be bound by a judgment in the principal action. Since they are not bound there is no concern about adequate representation and there is no right to intervene.

Furthermore, there is no question but that applicants, are inserting *new issues* and that they are *not pleading to the issue* between Crown and the defendant-agents.

In the case of Pine Lawn Bank & Trust Company v. City of Pine Lawn, Mo.Sup., 285 S.W.2d 679, 685, the court ruled:

"The injection of an independent controversy by intervention is improper."

This was also ruled in State ex rel. State Highway Commission v. Hudspeth, Mo. App., 303 S.W.2d 703, 706, where is was said:

"Furthermore, the 'representation of the applicant's interest' referred to in sub-paragraph '2' relates to representation with respect to an issue in the case and not to new issues which the applicant desires to bring into the case. Applicants to intervene may not inject new issues foreign to the issues in the original action."

The trial court properly ruled that appellants are not entitled to intervene and its judgments should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgments are affirmed. All concur.