, **STATE of Missouri ex rel. IMPERIAL UTILITY CORPORATION, Relator,**

v.

**The Hon. Philip HESS, Judge of the Circuit Court of Jefferson County at Hillsboro, Missouri, Respondent.**

**No. 36214.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 27, 1974.

Motion for Rehearing or Transfer Denied
Oct. 15, 1974.

---

Klamen, Summers & Compton, Maureen Swihart, Clayton, for plaintiff-relator.

Benson Cytron, House Springs, for defendant-respondent.

GUNN, Judge.

Relator, Imperial Utility Corp., seeks a writ of mandamus commanding the respondent to set aside a judgment on a sewer district incorporation and permit relator's intervention in the hearing on the petition for incorporation of the sewer district. Respondent is circuit judge of Jefferson County with whom the sewer district incorporation petition was filed. We granted Imperial's petition for alternative writ of mandamus pending determination of the issues involved. We held that Imperial should be permitted to intervene in the sewer district incorporation proceeding and thereby made peremptory the alternative writ of mandamus and denied respondent's motion to quash the writ with this opinion to follow.

This action arises out of a petition filed in the Jefferson County circuit court for the incorporation of a sewer district to be known as the Lower Rock Creek Sewer District. The petition was filed pursuant to the procedures contained in § 249.760 through § 249.810 RSMo 1969, V.A.M.S., whereby public sewer districts in class two counties may be incorporated by the circuit court. Imperial filed its motion to intervene in the incorporation proceedings on the basis that it was an interested party, in that it was certificated by the Missouri Public Service Commission to render sewer utility service in the area sought to be incorporated into the Lower Rock Creek Sewer District. Respondent denied Imperial's motion to intervene and rendered judgment granting the sewer district incorporation petition.

The pivotal issue to be determined is whether the sewer district incorporation procedures of § 249.760 through § 249.810 constitute a civil action thereby making the proceedings subject to the Rules of Civil Procedure and specifically Rule 52.-12(a)(2), V.A.M.R., which would allow Imperial's intervention as a matter of right.

The pertinent statutory provisions are as follows:

§ 249.763 "Any contiguous area lying within a second class county may be incorporated as a sewer district as follows: The owners of a majority of the real property within the area on the basis of assessed valuation, may file with the circuit court a petition setting forth the reason or necessity for a sewage treatment facility and a sewer system; the boundary lines of the proposed district;"

\* \* \* \* \* \*

§ 249.767, subd. 1. "Any owner of real property in the proposed district, who may not have signed the petition, objecting to the organization and incorporation of the sewer district, shall, on or before the first day of the term of court at which the cause is to be heard, file his objection why the sewer district should not be organized and incorporated. The objection shall be limited to a denial of the statements in the petition, and shall be heard by the court in a summary manner, without unnecessary delay, and in case all such objections, if any, are overruled, the circuit court shall by its order, duly entered of record, duly declare and decree the sewer district a public corporation of this state. The court may amend the petition by changing the proposed boundaries in such manner as to exclude an objecting party from the proposed district. If the court finds that the property set out in the petition should not be incorporated into a sewer district, it shall dismiss the proceedings and adjudge the costs against the signers of the petition in proportion to the assessed valuation of the real property owned by each."

Counsel for respondent asserts that under the foregoing statutory provisions the circuit court's function in granting the petition for sewer district incorporation is ministerial only; that the statute for incorporation is completely self-enforcing; that

since Imperial is not an owner of real property in the proposed district, it has no standing by reason of the conditions of § 249.767 to object to the incorporation. On the other hand, Imperial argues that the incorporation proceedings contemplate an adversary civil action and that it is an interested party entitled to participate in the proceedings.

■ We agree with Imperial's position and find that the sewer district incorporation proceedings under the appropriate statutes involve a civil action, and Imperial is entitled to intervene. Civil Rule 41.01(a) provides:

"Rules 41 through 101 shall govern all civil actions in the following courts: Supreme Court, Court of Appeals, circuit courts and courts of common pleas."

Also, Rule 42.01 provides:

"There shall be one form of action to be known as 'civil action'."

Civil actions are distinguished from criminal actions and "are all those that are not criminal" State ex rel. R. L. W. v. Billings, 451 S.W.2d 125, at 127 (Mo. banc 1970). Based on the foregoing, we hold that sewer incorporation proceedings under § 249.767 through § 249.810 constitute a civil action. The language of § 249.767 which says: "If the court finds that the property set out in the petition should not be incorporated into a sewer district, it shall dismiss the proceedings and adjudge the costs against the signers of the petition in proportion of the assessed valuation of the real property owned by each" contemplates an adversary civil proceeding with the circuit court taking evidence as to the reason or necessity for the proposed district. Since we determine that the involved proceeding is a civil action, the fact that § 249.767 contains provision for objection by land owners in the proposed district does not proscribe protest or participation by others, and the Rules of Civil

Procedure apply. Rule 52.12(a)(2) is particularly relevant and provides:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action:

\* \* \* \* \* \*

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

 The next point to be considered, then, is whether Imperial has such an interest in the proposed sewer district incorporation proceedings so as to permit its intervention as a matter of right within the meaning of Rule 52.12(a)(2). We believe it does. In State ex rel. Farmers Mutuals Automobile Insurance Co. v. Weber, 364 Mo. 1159, 273 S.W.2d 318 (Mo. banc 1954), it was said:

" 'Interest,' generally, means a concern which is more than mere curiosity, or academic or sentimental desire. One interested in an action is one who is interested in the outcome or result thereof because he has a legal right which will be directly affected thereby or a legal liability which will be directly enlarged or diminished by the judgment or decree in such action." 273 S.W.2d at 321.

 The interest of Imperial as a holder of a certificate of public convenience and necessity to operate a sewer system in the area sought to be incorporated into the Lower Rock Creek Sewer District, is a sufficiently direct interest in the matter of the sewer district incorporation to give Imperial a right to intervene in the incorporation proceeding pursuant to Rule 52.-12(a)(2). If another sewer facility is permitted in the area authorized to be served by Imperial, its plans to serve the area may be impaired or impeded, and Imperial's interests are not adequately being represented by another group seeking to provide sewer service in the area authorized to be served by Imperial. Mandamus is the proper remedy to enforce Imperial's right to intervene. State ex rel. Aubuchon v. Jones, 389 S.W.2d 854 (Mo.App.1965).

Our decision in this case is consistent with the recent decision in Missouri Cities Water Co. v. City of St. Peters, 508 S.W. 2d 15 (Mo.App.1974), and followed in Missouri Public Service Co. v. City of Trenton, 509 S.W.2d 770 (Mo.App.1974), which specifically held that existing private utility companies, including sewer and water companies, have the right to challenge acts of public utilities which directly affect the rights and interests of the private utilities.

Respondent relies on In Re City of Uniondale, 285 Mo. 143, 225 S.W. 985 (1920), for the proposition that the circuit court may exercise no discretion in determining whether or not to permit Imperial's intervention of the incorporation of the Lower Rock Creek Sewer District; that the provisions for incorporation are entirely self-contained within § 249.760 through § 249.810); that the matter of the incorporation proceeding is merely an exercise of legislative power with the court acting only in accord with the delegation made within the statutes. In Re City of Uniondale, supra, is inapposite to the situation before us, as that case applies to incorporation proceedings before a county court and was not, as we have determined in this case, a civil action within the meaning of Rule 41.01. City of Uniondale did not involve a civil action brought in a circuit court, as in the present case, and the county court's function was purely ministerial.

Relators are entitled to intervene in the proceeding involving the petition for incorporation of the Lower Rock Creek Sewer

District. The alternate writ of mandamus which we previously granted is made peremptory. Respondent's motion to quash the alternative writ of mandamus is overruled.

CLEMENS, Acting P. J., and McMILLIAN, J., concur.