**C. Donald AINSWORTH, Director,
Division of Insurance,
Plaintiff-Respondent,**

**v.**

**OLD SECURITY LIFE INSURANCE
COMPANY, Defendant,**

**and**

**ISC Financial Corporation,
Intervenor-Appellant.**

**No. WD 35963.**

Missouri Court of Appeals,
Western District.

Jan. 29, 1985.

Solbert M. Wasserstrom, Gene A. De-Leve and Jerald S. Enslein, Kansas City, for intervenor-appellant.

Jim Tom Reid, Kansas City, for plaintiff-respondent.

Before MANFORD, P.J., and KENNE-DY and NUGENT, JJ.

KENNEDY, Judge.

This is an appeal by ISC Financial Corporation, sole stockholder of Old Security Life Insurance Company, from an order of the circuit court denying its application to intervene in the receivership of Old Security.

We affirm the judgment.

Old Security was placed in receivership in 1977 under the provisions of § 375.560 et seq., RSMo 1969. The administration has continued to the present time. It appears that there will remain after the payment of all claims against the insurance company and the payment of the expenses of the receivership a balance for distribution in the range of 20 million dollars.

The present status of Old Security as a corporate entity is vague. The parties assume that ISC, its sole stockholder, has by some means succeeded to all the rights and duties of Old Security and that it now occupies Old Security's place. ISC would then be the ultimate recipient of any balance remaining in the receivership estate.

Additional facts appear in our case of *State ex rel. ISC Financial Corporation v. Kinder*, 684 S.W.2d 910 (Mo.App.1985). That case and this were combined for purposes of oral argument and were submitted at the same time, on November 7, 1984.

ISC, on April 17, 1984, filed its application to intervene in the receivership as a formal party, from the denial of which this appeal is taken. It claims to be entitled as a matter of right to intervene by virtue of Supreme Court Rule 52.12(a). That rule reads as follows:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

ISC lists a number of matters under the control of the receiver, subject to the ultimate control of the court, the disposition of which will increase or decrease the amount to which ISC will ultimately become entitled. Those are described in ISC's brief as follows:

2. Claimants against Old Security Life to whom awards have been made by the commissioners and whose claims have been approved and paid are now claiming interest thereon. This controversy is the subject of a suit in the nature of an interpleader and class action pending within the receivership proceeding.

3. Taxes were originally claimed by the United States in the amount of approximately $1,000,000 and by the State of Missouri in the amount of approximately $800,000. The federal tax claim has been settled, subject to Congressional approval. The state taxes claimed are yet to be decided or settled.

4. Cash funds more than sufficient to pay the total of the tax claims mentioned

above have been set aside, and the trial court has appointed a trustee for those funds. The order of appointment provides that all net income from the investment of those funds shall be paid to the Cole County Treasury. ISC contends that there is no need for the trustee, and that in any event, the net income from the investment of the funds should become part of the general receivership estate. Although this order was evidently entered without notice to the receiver, he has acquiesced in the appointment of the trustee and in the diversion of the net income from the investment of these receivership assets to the Cole County General Revenue Fund.

5. R.A. Sniezek, formerly special counsel for the receiver, has filed a motion in the nature of a suit for declaratory judgment within the receivership proceeding seeking a determination that he is entitled to additional fees for services over and above the amounts heretofore approved and paid to him. If that determination is in his favor, Sniezek intends to file an application for an allowance of additional fees in an amount in excess of $900,000.

6. The Commissioners of Claims have requested additional fees of approximately $735,000 over and above an equal sum which has already been allowed and paid to them. The receiver "stood neutral" and failed to raise what appellant believes are proper defenses to improper claims for additional and excessive compensation. [A footnote adds: "On July 19, 1984, Judge Kinder entered an order awarding the three Commissioners of Claims additional compensation in the total amount of $550,000. This order is not yet final." —Ed.]

7. The receiver contends that all claims allowed and for which checks were issued but not cashed, should escheat into the State Treasury under the provisions of § 575.760(4). ISC contends that any such monies should be returned to the general assets of Old Security Life, thus to become part of the residu-

ary assets ultimately to be distributed to ISC.

Also, at the time of the filing of appellant's brief there was litigation pending among the receiver, Continental Bank of Illinois, and trustees of the Central States, Southeast and Southwest Areas Health and Welfare Fund (described in appellant's brief in the first numbered paragraph in the above series, which we have omitted), but this litigation had been settled by the time of oral argument on November 7, 1984, resulting in the augmentation of the receivership estate by $2.6 million.

ISC argues that it "claims an interest relating to the property or transaction which is the subject of the (receivership)", that it is "so situated that the disposition of the action may as a practical matter impair or impede (its) ability to protect that interest", and that its interest is not "adequately represented" by the receiver. The presence of those factors, it says, entitles it to intervention in the receivership proceeding under Rule 52.12(a).

 We do not think that Rule 52.12(a) gives ISC any right of intervention in a *receivership*, as opposed to the ancillary proceedings listed above. Our reason for so holding is that a *receivership* is not an *action* to which Rule 52.12(a) applies. What ISC is seeking here is the right to have notice and the right to be heard and to participate in every matter coming before the receiver for decision. It seeks an advance ruling that it is entitled to intervention in every case or matter involved in the receivership. That at least is how we understand the appellant's request for intervention, and how we understand the practical operation of plenary intervention in the receivership.

We do not undertake to announce any comprehensive definition of the term "action". In the definitions which have been given by judicial decisions and statutes, we have found none which would include the administration of a receivership estate within its scope. *See* 1 C.J.S. Actions § 1 (1936); *Miller v. Farmers' Exchange Bank*

*of Gallatin,* 228 Mo.App. 367, 67 S.W.2d 528, 532 (1934).

The cases cited by appellant are not persuasive that intervention in a receivership is authorized by a rule which permits intervention in an action. *State ex rel. Imperial Utility Corporation v. Hess,* 514 S.W.2d 645 (Mo.App.1974), held that the procedure for sewer incorporation of Sections 249.-760–249.810, RSMo 1969, was an action to which the Rules of Civil Procedure were applicable, including the rule respecting intervention, now Rule 52.12. The court noted that the language of the sewer district incorporation statutes "contemplat[ed] an *adversary civil proceeding* with the circuit court taking evidence as to the reason or necessity for the proposed district". 514 S.W.2d at 647. (Emphasis supplied). *Associated Grocers' Company of St. Louis v. Crowe,* 389 S.W.2d 395 (Mo.App.1965), was concerned with the question whether a petition for judicial review of a decision of the Industrial Commission under the Employment Security Law, which petition named the individual members of the Commission "as members of the Industrial Commission" was in fact "an action … *against the Commission* ", within the meaning of the statute providing for judicial review of the Commission's decisions. The court said that the action was a civil action within the meaning of Rule 42.01 and applied said rules to determine that the petition was effective to secure judicial review of the Commission's decision. Neither case helps the appellant.

It has been held, on the other hand, in *Fischer v. Sklenar,* 101 Neb. 553, 163 N.W. 861, 865 (1917), that "[t]he word 'actions' is not usually considered to include such proceedings as the settlement of estates, the probate of wills, or the distribution of property, though proceedings ancillary thereto may partake of the nature of actions…." We think this quotation is a correct view of the law, and that the administration of receivership estates is not an action in which Rule 52.12 gives a right of intervention.

In holding that a receivership proceeding taken as a whole is not an "action", and that the intervention rule does not apply, we give the rule a practical as well as a technical application. There are hundreds, even thousands, of actions which must be taken by the receiver in the administration of a complicated receivership estate. Most of them are not "adversary civil proceedings", see *State ex rel. Imperial Utility Corporation v. Hess, supra,* 514 S.W.2d at 647, and partake more of the nature of routine business affairs than of litigation. In many of the adversary proceedings in which the receiver may be involved, perhaps in most of them, the interests of the receiver and of ISC would be identical and ISC's interest would be "adequately represented by existing parties". If this is not true in every case or matter which the receiver is called upon to deal with, it does not follow that ISC is entitled to become a formal party to the whole receivership proceeding and to every matter involved therewith. ISC asks too much when it asks to be made a party to the receivership itself. It would too much encumber the receivership proceeding.

ISC argues that it is left in some cases without any means to represent its interest if it is not allowed to intervene and be made a formal party to the receivership. Perhaps ISC's plight is not so bad as it supposes. There are several avenues which are open to it for advancing its claims. There is intervention in particular proceedings in which the receiver may be involved. Intervention should be allowed with considerable liberality. *Trbovich v. United Mine Workers,* 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972); *In re Metropolitan Ry. Receivership,* 208 U.S. 90, 28 S.Ct. 219, 52 L.Ed. 403 (1908). *See also Annot.,* 33 A.L.R.2d 473 (1954). Furthermore, where there is no "action" in which ISC may intervene, it is not thereby necessarily deprived in all cases of standing to assert its interests. This we take to be the meaning of Judge Westhues' dictum in *Lucas v. Manufacturing Lumbermen's Underwriters,* 349 Mo. 835, 163 S.W.2d 750, 757 (1942):

The court is the forum where the parties interested may assert their rights and object to any proposal made by the superintendent. So too with reference to the expenses of administration. The court wherein the case is pending is open to anyone who desires to question the reasonableness thereof.[1]

There is of course the receiver's personal liability upon his bond for malfeasance, misfeasance and nonfeasance in the performance of his duties. *See* §§ 374.030, 375.740, RSMo 1969; 66 Am.Jur.2d Receivers § 367 (1973); *Annot.*, 20 A.L.R.3d 967, § 3[a] (1968). And there is the power of the court, upon application of an "interested party", to terminate the receivership and allow Old Security to resume title and possession of its property and the conduct of its business, Section 375.690.

There may also be available to ISC the stockholders' derivative action for the assertion of claims improperly failed to be asserted by the corporation (represented by the receiver). *See* 19 Am.Jur.2d Corporations § 531 (1965).

The judgment denying ISC's application to intervene is affirmed.

All concur.

---

1. It is worth noting that ISC has called to our attention no instance where the trial court has denied it an opportunity to assert its interests in any proceeding pending in the receivership. The court has in fact by formal order designated ISC an "interested party". The order directs the receiver to furnish notice of all proceedings to ISC and accords to ISC the right to hearings on the allowance of claims. The court in making such order may have been acting under the broad powers of Section 375.700.4, and may also have had in mind the quoted statement from *Lucas v. Manufacturing Lumbermen's Underwriters, supra,* 163 S.W.2d at 757.