C. Donald **AINSWORTH**, Director Division of Insurance, Department of Consumer Affairs, Regulation and Licensing, State of Missouri, and Successor-Receiver, Plaintiff-Respondent,

v.

**OLD SECURITY LIFE INSURANCE COMPANY, Defendant,**

and

**ISC Financial Corporation, Intervenor-Appellant.**

No. WD 36341.

Missouri Court of Appeals, Western District.

July 23, 1985.

Gene A. DeLeve, Jerald S. Enslein, Solbert M. Wasserstrom, Kansas City, for intervenor-appellant.

Richard H. Brown, Kansas City, for plaintiff-respondent.

Before BERREY, P.J., and DIXON and KENNEDY, JJ.

KENNEDY, Judge.

This is an appeal by ISC Financial Corporation from an order of the Circuit Court of Cole County denying its motion for leave to intervene in a proceeding whereby Robert A. Sniezek sought to establish a right to claim additional compensation for services rendered by him to the receiver for the defunct Old Security Life Insurance Company, and from orders refusing to strike and to dismiss, respectively, respondent Sniezek's "Motion for Declaratory Judgment". A birds-eye history of the receivership may be found in *State ex rel. ISC Financial Corp. v. Kinder*, 684 S.W.2d 910 (Mo.App.1985), and *Ainsworth v. Old Security Life Insurance Co.*, 685 S.W.2d 583 (Mo.App.1985). ISC Financial Corporation is the sole stockholder of Old Security Life Insurance Company. The legal status of the Old Security Life Insurance Company as a corporate entity is lost in the mists, but the receiver and the trial court have treated ISC as standing in the place and stead of Old Security. The receiver, the trial court and ISC have assumed that ISC is entitled to receive directly the assets of Old Security as and when the same are distributed. This court will do the same.

The history of the Sniezek claim against the receiver for additional compensation is as follows:

The trial court on November 4, 1977, at or near the beginning of the receivership, entered an order approving the appointment of Mr. Sniezek by the receiver as attorney for the receiver, at a rate of $40 per hour plus expenses. The services had apparently commenced on October 14, 1977. Mr. Sniezek's services were rendered from that date until October, 1982, when they were terminated. Mr. Sniezek had been paid $644,661.50 through October 8, 1982. (The hourly compensation rate had been raised from $40 to $50 during this period, and later from $50 to $60.)

On July 27, 1983, Mr. Sniezek filed an "application for final compensation" in which he sought an additional sum of $884,-670.88. The receiver appointed Mr. Michael Maher to represent him in defending against the Sniezek application for additional compensation, which appointment was approved by the court. ISC acting under an "interested party" status conferred upon it by an earlier court order, *see Ainsworth*, 685 S.W.2d at 587, n. 1, entered its appearance in the claim for additional compensation. Sniezek then dismissed the claim for additional compensation and filed what is designated a "Motion for Declaratory Judgment". The motion seeks the court's determination whether there is an "arrangement, contract or understanding" between himself and the Director that would allow Mr. Sniezek to petition for additional compensation.

This was followed on April 26, 1984, by an "application for final compensation". This application sought additional compensation of $926,782.63, which included in addition to the service from October 14, 1977, to October 8, 1982, services as "transition attorney" from the latter date through December 30, 1983.

ISC filed motions to strike Sniezek's "Motion for Declaratory Judgment" and to dismiss the same, and filed an answer and a counterclaim thereto. From the legal file we have before us, there has apparently been no challenge to ISC's standing to file any of such pleadings or motions. ISC, however, served notice to take Mr. Sniez-

ek's deposition. This was resisted by Sniezek on two grounds, one such ground being that "Robert A. Sniezek has already had his deposition taken on October 19, 1983", and the other such ground being that "ISC Financial Corporation is not a party to the above-captioned cause of action". He cited in support of the second ground an earlier order of court which had denied an application of ISC to intervene in the receivership but which had designated it as an "interested party" for certain purposes.

At this point ISC filed its application to intervene in the "Motion for Declaratory Judgment" and the application for additional compensation. After a hearing, the trial court in due time denied the motion for leave to intervene and it is from this order of denial that ISC now appeals. (At the same time the trial court sustained Sniezek's motion to quash deposition notice and for protective order.)

■ ISC undertakes to appeal also from the trial court's order overruling its motion to dismiss and to strike, respectively, the Sniezek "Motion for Declaratory Judgment". Putting aside ISC's standing to appeal those orders—it is not yet a party to the proceeding—the order is not an appealable order. Section 512.020, RSMo 1978; *State ex rel. Shackleford v. McElhinney*, 241 Mo. 592, 145 S.W. 1139 (banc 1912); *Morrison v. Estate of Martin*, 427 S.W.2d 783 (Mo.App.1968). That portion of the appeal must be dismissed.

■ We hold that the trial court was in error in denying ISC's motion for leave to intervene in the case; ISC was entitled as a matter of right under Rule 52.12(a)[1] to intervene as a party.

There is no doubt that ISC has a direct and immediate interest in the "property or transaction which is the subject of the ac-

tion". If Mr. Sniezek is successful in his claim for additional compensation, the fund ultimately coming to ISC will be depleted by that amount.

The respondent Sniezek[2] points out that theoretically, if ISC's interest is held to support intervention, an insurance company in receivership, and each of its stockholders, would have an interest in resisting every claim of any sort made against the assets in the hands of the receiver, and that every creditor of an insolvent insurance company would have an interest in resisting every other claim, in order to maximize its own ultimate recovery. Not every such remote interest will support intervention; chaos would result. *See, e.g., Weese v. Marengo*, 469 S.W.2d 873 (Mo. App.1971). The interest of the applicant for intervention must be immediate and direct. ISC's interest is of that character. It has now become clear that there will be a very substantial sum, in the vicinity of $20,000,000, for distribution after the payment of all claims and administrative expenses. That sum, whatever its amount, will go to ISC. It is the only beneficial owner of the fund. Its interest could scarcely be more direct and more immediate.

Whatever rights of intervention, and whatever limitations upon the right of intervention, may exist in another receivership, or which may have existed at another stage of this receivership, where a multitude of parties may be interested in one degree or another in defending against claims, the case now before us has boiled down to one party who stands to gain or lose money with the disposition of the Sniezek claim. That party is ISC. It is not too much to say that its interest is more immediate and more direct than that of the receiver. It is clear, therefore, that ISC

---

1. "Rule 52.12. Intervention. (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical

matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

2. It is worth noticing that the receiver has not resisted this application to intervene nor has he filed any respondent's brief herein.

"claims an interest relating to the property or transaction which is the subject of the action and (it) is so situated that the disposition of the action may as a practical matter impair or impede (its) ability to protect that interest." ISC meets the first part of Rule 52.12(a)(2). State ex rel. *Duggan v. Kirkwood,* 357 Mo. 325, 208 S.W.2d 257, 261 (1948).

Is ISC's interest adequately represented by the receiver? The decisions on this point do not require a positive showing by the applicant that representation by existing parties is not or will not be adequate. There is a case made for intervention if existing parties "may not" adequately represent the interests of the applicant. *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972); *Duggan,* 208 S.W.2d 257; *Alsbach v. Bader,* 616 S.W.2d 147 (Mo.App.1981); *State ex rel. Hughes v. Smith,* 485 S.W.2d 646 (Mo.App.1972). That is the case here. The zealous adversarial defense against the Sniezek claim is more to be expected from ISC, whose economic interests are directly involved, than from the receiver who is only a stakeholder.

We said in *Ainsworth,* 685 S.W.2d at 586 (citing *Trbovich,* 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686; *In re Metropolitan Ry. Receivership,* 208 U.S. 90, 28 S.Ct. 219, 52 L.Ed. 403 (1908); *see also* Annot. 33 A.L. R.2d 473 (1954)), that in such ancillary proceedings as the Sniezek claim for additional compensation, intervention by a party in ISC's position ought to be allowed with considerable liberality, insofar as the court's discretion allows it, where the applicant can bring himself within the terms of Rule 52.12(a). This is a general principle to guide courts in considering applications for permission to intervene. *National Surety Corp. v. Fisher,* 317 S.W.2d 334 (Mo.1958); *Duggan,* 208 S.W.2d at 261; *Bolin v. Anders,* 559 S.W.2d 235 (Mo.App.1977); *State ex rel. State Farm Mutual Automobile Insurance Co. v. Craig,* 364 S.W.2d 343 (Mo.App.1963). It is particularly apt in the present case where the receiver has a variety of interests to serve, and really has no economic interest in the outcome of the case. He may do his duty in defending against the Sniezek claim, and yet come short of the kind of single-purposed defense that may be expected from ISC. *Trbovich,* 404 U.S. at 539, 92 S.Ct. at 636; *Alsbach,* 616 S.W.2d at 151.

It follows that the order denying intervention to ISC must be reversed. The case is remanded for the entry of an order permitting intervention by ISC in the Sniezek "Motion for Declaratory Judgment" and in his application for additional compensation. ISC's appeal from the court's orders refusing to strike or to dismiss Sniezek's "Motion for Declaratory Judgment" is dismissed.

All concur.